IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus Addison, | ) | |
| Petitioner, | ) | Civil Action No. 6:20-cv-3528-TMC |
| vs. | ) | **ORDER** |
| State of South Carolina, | ) | |
| Respondent. | ) | |

Plaintiff Marcus Addison, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On October 23, 2020, the magistrate judge directed Plaintiff to respond to the following special interrogatory: "Your petition indicates that you are not currently in the custody of the South Carolina Department of Corrections, but you have filed a § 2254 petition attacking your state convictions. Are you still serving a sentence for your state convictions?" (ECF No. 4-1). Petitioner filed a response under penalty of perjury, stating that he is *not* still serving a sentence for his state convictions. (ECF No. 6).

The magistrate judge then issued a Report and Recommendation ("Report") noting that "[i]t is well-settled that a petitioner filing a habeas petition after fully serving his sentence is not 'in custody' for purposes of a federal district court's subject matter jurisdiction" and concluding that the "court lacks jurisdiction over [Petitioner's] habeas action and [that] the petition is subject to summary dismissal." (ECF No. 12 at 3–4). Accordingly, the magistrate judge recommended

that Petitioner's § 2254 petition be dismissed without requiring Respondent to file a return. *Id*. at 4. Petitioner filed objections which do not address the jurisdictional basis for the recommendation set forth in the Report; instead, the Petitioner merely repeated his reasons for attacking the conviction for which he is no longer incarcerated and attached his § 2254 petition and various other documents previously filed in the record. (ECF Nos. 16, 16-1).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012)

(noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

In his objections, Petitioner merely resubmits his petition and repeats the grounds set forth therein. This does not constitute a specific objection and the court need not entertain it. After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court finds no clear error and perceives no reason to deviate from the recommendations of the magistrate judge. Accordingly, the court **ADOPTS** the Report and incorporates it herein. (ECF No. 12). Accordingly, the court **DISMISSES** Plaintiff's § 2254 petition (ECF No. 1) without prejudice and without requiring Respondent to file a return.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2021